[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant Department of Motor Vehicles' six month suspension of the plaintiff's operator's license. Plaintiff's operator's license was suspended because defendant determined he had refused to submit to a chemical alcohol test.
The underlying facts are not challenged on appeal. Plaintiff was operating his motorcycle on Route 69 in Prospect at approximately 12:30 a.m. on June 13, 1992. A motorist informed Trooper Neal T. Wholey that he had seen plaintiff operating his motorcycle "in an erratic manner." Trooper Wholey then observed plaintiff's CT Page 2358 vehicle "cross center line — weaving. Accused had strong odor of liquor on his breath. Stated he had four (4) beers did poorly on field sobriety tests."
Plaintiff was taken to a police facility for administration of a chemical alcohol test. It is claimed that plaintiff refused to submit to the test. Transmittal of Record, Item # 4.
A hearing was held by the defendant department on July 9, 1992. The defendant department's hearing officer found the plaintiff had refused the test. Therefore his license was suspended for six months pursuant to C.G.S. 14 — 227b. At the July 9, 1992 hearing, the State "offered into evidence a photocopy of the A-44 form." Transcript, p. 4. The A-44 form is entitled, "Officer's DWI Arrest and Alcohol Test Refusal or Failure Report, A-44, Rev. 7-90." The plaintiff objected to the offer of the A-44 form. The A-44 form was admitted as evidence. It constituted the whole of the evidence against the plaintiff.
Plaintiff claims:
 "5. The evidence presented at the hearing clearly shows in Section F and G of the A-44 Form, that the testing officer and the third person witnessing the refusal are one and the same, namely Trooper T. A. Wade. (See Exhibit A." Motion For Stay of Further Proceedings, July 28, 1992, 3d.
Plaintiff has detailed his claim as follows:
 "The evidence presented at the hearing clearly shows in Section F and G of the A-44 Form, that the testing officer and the third person witnessing the refusal are one in the same, namely Trooper T. A. Wade. (See Exhibit A). There is no evidence as presented in the report, or in testimony at the Hearing that anyone other than Trooper T. A. Wade witnessed the refusal.
 "Since no third person witnessed the refusal, the report does not comply with Section 14-227b(c), and thus is inadmissible.
 "Although the hearing officer did make a finding that a third person witnessed the refusal, that finding is not substantiated by any evidence whatsoever." Plaintiff's Brief, November 10, 1992, pp. 3 — 4. [105] CT Page 2359
The legal basis for this appeal is a regulation and by incorporation, a part of a statute: They provide:
"Sec. 14-227b-19. Admissibility of police report at hearing
 "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes." Conn. Dept. Regs. Sec. 14-227b-19.
 "The police officer shall prepare a written report of the incident and shall mail the report . . . to the department of motor vehicles within three business days. The report shall be on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made or who administered or caused to be administered such test or analysis. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. C.G.S. 14-227b(c).
The factual base upon which this appeal lies is the assertion that "there is no evidence as presented in the report, or in testimony at the Hearing that anyone other than Trooper T. A. Wade witnessed the refusal."
The accuracy of this assertion is the linchpin of this appeal.
The A-44 form in evidence indicates plaintiff's assertion is just not true.
"Section H: Oath" of the A-44 Form contains the following printed statement:
 "This report of chemical test refusal or failure is subscribed and sworn to by me, the officer before whom such refusal was made or who administered or caused to be administered such test, under penalty of false statement as provided in Section 53a-157 of the Connecticut General Statutes, before the undersigned official duly authorized to administer oaths."
Immediately below that statement is a line and space designated, "Signature of Officer." What appears to be the CT Page 2360 signature of Trooper Neal T. Wholey is in that space and in the space designated "Date Signed" is the writing "06-13-1992." Immediately below is a space designated: "Signature of Person Administering Oaths." That space contains what appears to be the signature of a C.S.P Sergeant on 6-13-92.
As the court understands this appeal, plaintiff claims that the A-44 form could be introduced in evidence only if it met the requirements of C.G.S. 14-227b(c). The defendant's regulations states that the report may be used at the department's hearing if it conforms to the requirements of C.G.S. 14-227b(c).
The issue involved in this appeal is very simple: does the A-44 Form meet the requirements of C.G.S. 14-227b(c).
The court does not know who asked plaintiff to take the test. The claim is he refused. It makes no difference who asked him to take the test. The statute requires that the report "shall be sworn to under penalty of false statement as provided in section53a-157 by the police officer before whom such refusal was made . . . . If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal."
The statute requires that a police officer who witnessed the refusal swear to the fact of refusal. It also requires that another person who witnessed the refusal endorse the form, obviously meaning that the endorser have witnessed the refusal.
At the court hearing, plaintiff acknowledged he was not claiming that either Wade of Wholey were not present at the police barracks when he was there on the early morning of June 13, 1992.
When there is a refusal, as opposed to an administration of the test, it really makes no difference which person swears to the refusal and which one endorses provided both were present. Either one can take the role of swearing to the refusal and the other endorsing the fact of the refusal.
Here, there was a sworn statement by Wholey that "this report of chemical test refusal . . . is subscribed and sworn to by me, the officer before whom such refusal was made. . . ." A-44 Form, Section H. Also there was an endorsement by Wade that plaintiff "refused to submit to such test . . . when requested to do so" and that the "refusal occurred in my presence and my endorsement CT Page 2361 appears below." A-44 Form, Section G.
In Section F, "Chemical Alcohol Test Data (Must complete if operator fails)," Wade signed as""Testing Officer." The court infers that plaintiff claims that Wade, the "Testing Officer," therefore must be the officer who must fill out and swear in Section H and that his signing only as the endorser in Section G does not constitute compliance with C.G.S. 14-227b(c). The statute does not require that the so-called "Testing Officer" must be "the police officer before whom such refusal was made" and who must swear to the refusal.
The court finds that the A-44 Form complied with the requirements of C.G.S. 14-227b(c). Therefore, it was admissible at the defendant's hearing.
This appeal was filed in this court on July 28, 1992. A scheduling order was entered on September 29, 1992. It directed the plaintiff to file his brief by November 23, 1992. Plaintiff's Brief was filed on November 13, 1992. [105] Oral argument for the appeal was assigned for January 27, 1993.
On January 27, 1993, counsel for the parties appeared. Counsel for the defendant presented a Supplemental Plaintiff's Brief apparently inspired by the then recently published decision in Field v. Goldberg, 42 Conn. Sup. 306, (1991).[1]
It is clear that the issue raised in the plaintiff's January 27, 1993 brief was not raised in the original appeal. The original appeal is usually a very general statement of the plaintiff's claim(s), the specific claims are articulated in the plaintiff's brief.
The claim now made under the aegis of Field v. Goldberg was not a part of the original appeal; the court probably would be justified in dismissing it for that reason. Nevertheless the court will not and will determine it on the merits.
This case is similar, procedure-wise, to Field v. Goldberg. But, substantively, this case is markedly different.
In both cases, the plaintiff operators were arrested for driving while intoxicated. Both operators allegedly had refused to take a blood alcohol test. Both operators were then subject to a Department of Motor Vehicle hearing pursuant to 14-227b(d), (f), CT Page 2362 and (g). At each hearing, the sole operative evidence was the police A-44 form entitled, "Officer's DWI Arrest and Alcohol Test Refusal or Failure Report, A-44, Rev. 7-90."
Relying on Field v. Goldberg, plaintiff [here] says that Trooper Wholey had no reasonable grounds for stopping him on Route 69 in Prospect at approximately 12:30 a.m. on June 13, 1992. Plaintiff claims "it is clear that the officer lacked probable cause to stop the plaintiff and thus, was not lawfully placed under arrest." Supplemental Plaintiff's Brief, January 27, 1993, p. 2.
The law decisive of this case is well set out in Field v. Goldberg. "Probable cause" is not the standard for the brief investigatory stop made here and which then produced the grounds for the probable cause for plaintiff's arrest.
The principal factual difference is that in Field v. Goldberg, the operative evidence was the citizen's information totally uncorroborated by police observations. Here, the citizen's information only initiated the police action; Trooper Wholey himself observed the plaintiff operating the motorcycle "cross center line — weaving."
The deficiencies which existed in Field v. Goldberg do not exist in the present case. In Field v. Goldberg, the police had not corroborated any of the information contained in the citizen tip. The information as to the driver's identity was not ascertained, but rather left in doubt. The police did not observe anything which gave rise to any suspicion, much less the reasonable and articulable suspicion required.
In the present case, Trooper Wholey, observed the plaintiff operating the motorcycle. He stopped the defendant almost immediately. The defendant was clearly identified as the operator. Trooper Wholey observed the defendant "cross center line — weaving." Weaving the center line at any hour would warrant an officer's being suspicious of behavior warranting further investigation and a brief stop for that purpose. The conduct the trooper observed was probably a violation of C.G.S. 14-230(a), an infraction: the trooper's stopping plaintiff was plainly warranted as the trooper had a "reasonable and articulable suspicion" that criminal behavior was taking place.
Plaintiff's appeal is dismissed. CT Page 2363
The license suspension order was that plaintiff's license be suspended for six months. During, and prior to this appeal, plaintiff's license was suspended for four months pursuant to the defendant's order. The license suspension to be implemented by the court's dismissal of this appeal should be for two additional months.
It is so ordered.
Parker, J.